IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GREGORY P. BARNETT, #A4000428, | ) ) ) | CIVIL NO. 07-00491 SOM-BMK |
| Petitioner, | ) ) ) | ORDER DENYING RESPONDENT'S MOTION TO DISMISS |
| vs. | ) ) | |
| FRANK LUNA, | ) ) | |
| Respondent. | ) ) | |

## ORDER DENYING RESPONDENT'S MOTION TO DISMISS

On September 26, 2007, *pro se* Petitioner Gregory P. Barnett, a Hawaii prisoner incarcerated at Red Rock Correctional Center ("RRCC") in Eloy, Arizona, initiated the instant habeas action. Before the court is Respondent's Motion to Dismiss ("Motion"). (Doc. No. 17.) Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing. For the following reasons, the court DENIES Respondent's Motion.

## BACKGROUND

On September 26, 2007, Barnett filed a document titled "Amended Petition," under Civil No. 00-456 DAE. Judgement having been entered approximately seven years ago in Civil No. 00-456 DAE, the court construed Barnett's document as an original petition for writ of habeas corpus under 28 U.S.C. § 2254 ("Petition") and opened a new civil action.[1]

---

[1] Briefly, in Civil No. 00-456 DAE, Barnett filed a petition under 28 U.S.C. § 2254 for writ of habeas corpus. At the time of filing the petition, Barnett had several post-conviction

On October 3, 2007, the court ordered Respondent to file an Answer to Barnett's Petition.  (Doc. No. 4.)[2]

On October 15, 2007, Barnett filed an Ex Parte Motion to Transfer Case to Civil No. 00-456 DAE.  (Doc. No. 7.)  Barnett argued that the court incorrectly opened a new civil action when he filed the document titled "Amended Petition."  Barnett requested that the court transfer the instant Petition to Civil No. 00-456 DAE ("July 2000 petition").

On October 30, 2007, the court denied Barnett's Ex Parte Motion to Transfer Case to Civil No. 00-456 DAE, (Doc. No. 11.), holding that Judge David Ezra in Civil No. 00-456 DAE did not grant Barnett leave to file an amended petition.  Instead, Judge Ezra dismissed Barnett's July 2000 petition without prejudice and made clear that Barnett could **refile** after full and proper exhaustion of all of his claims.  Upon refiling, however, a new civil action would be opened, identified by a new case number.

On December 3, 2007, Barnett filed a Motion to Accept the Current Petition Nunc Pro Tunc to July 3, 2000.  (Doc. No.

---

proceedings pending before the Hawaii state courts.  Thus, Barnett's petition was dismissed without prejudice to refiling after full and proper exhaustion of all of his claims.  Judgment was entered against Barnett.  Barnett filed a Notice of Appeal of the judgment against him.  The appeal is pending before the Ninth Circuit Court of Appeals.

[2] On October 29, 2007, the court granted Respondent's Ex Parte Motion for Extension of Time to file an Answer to Barnett's Petition.  The court granted Barnett up to and including Decemder 17, 2007, to file an Answer.  (Doc. No. 9.)

2

14.)  Barnett attempted to tie the instant Petition to his July 2000 petition.  Barnett argued that jurisdiction attached when he filed the July 2000 petition and continued until he filed the present Petition.

On December 5, 2007, the court denied Barnett's Motion to Accept the Current Petition Nunc Pro Tunc to July 3, 2000. (Doc. No. 15.)  The court held that Ezra had not expressly or impliedly retained jurisdiction over these actions when they were dismissed.  The court also held that a new federal habeas petition filed after the dismissal without prejudice of an earlier federal habeas petition does not "relate back" to the filing date of the earlier petition.  *Henry v. Lungren*, 164 F.3d 1240, 1241 (9th Cir. 1999).

On December 11, 2007, Respondent filed the instant Motion.  (Doc. No. 17.)

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Unless it appears beyond doubt that a plaintiff can prove no set of facts in support of her claim which would entitle her to relief, a motion to dismiss must be denied.  *Lewis v. Telephone Employees Credit Union*, 87 F.3d 1537, 1545 (9th Cir. 1996) (citation omitted); *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). When assessing the legal sufficiency of a plaintiff's claims, the

3

court must accept as true all material allegations of the complaint, and all reasonable inferences must be drawn in favor of the nonmoving party. *See, e.g.*, *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996) (citations omitted). Dismissal is proper under Rule 12(b)(6) "only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro*, 250 F.3d at 732 (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).

A motion to dismiss under Rule 12(b)(6) should also be granted if an affirmative defense or other bar to relief is apparent from the face of the complaint, such as lack of jurisdiction or the statute of limitation. 2A J. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice*, p 12.07 at 12-68 ti 12-69 (2d ed. 1991 & supp. 1191-92) (citing *Imbler v. Pachtman*, 424 U.S. 409 (1976)).

## DISCUSSION

Respondent argues that Barnett's Petition should be dismissed as second or successive because his July 2000 petition is pending before the Ninth Circuit Court of Appeals. Respondent relies on 28 U.S.C. § 2244(b)(1), which states that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."

Respondent's reliance on 28 U.S.C. § 2244(b)(1), is misplaced. Although Barnett's July 2000 petition is pending before the Ninth Circuit Court of Appeals, Judge Ezra dismissed the July 2000 Petition without prejudice as unexhausted, and the Clerk of Court entered judgment against Barnett. Barnett's appeal pending before the Ninth Circuit does not prohibit Barnett from refiling a habeas petition previously dismissed as unexhausted. The Supreme Court has held, "A habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition." *Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000).

As Barnett's July 2000 petition was unadjudicated on the merits and dismissed for failure to exhaust, Barnett's instant Petition is not second or successive and Respondent's Motion to Dismiss is DENIED.

### CONCLUSION

IT IS HEREBY ORDERED that:

1. Respondent's Motion to Dismiss is DENIED.

2. Respondent is HEREBY ORDERED to file an Answer to Barnett's Petition on or before January 7, 2008. The Answer should be filed in conformance with the court's October 3, 2007 Order to Show Cause and Answer Petition. Barnett may file an optional Reply to Respondent's Answer on or before January 21, 2008.

5

       IT IS SO ORDERED.

       DATED: Honolulu, Hawaii, December 17, 2007.



       /s/ Susan Oki Mollway
       Susan Oki Mollway
       United States District Judge

*Barnett v. Luna*, Civ. No. 07-491 SOM; ORDER DENYING RESPONDENT'S MOTION TO DISMISS; hmg\Orders 07\Barnett 07-491 SOM (dny mot to dsm)