IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GREGORY P. BARNETT, #A4000428, | ) ) ) | CIVIL NO. 07-00491 SOM-BMK |
| Petitioner, | ) ) ) | ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO MEET THE STATUTE OF LIMITATIONS |
| vs. | ) ) ) | |
| FRANK LUNA, | ) ) | |
| Respondent. | ) ) | |
| _____ | ) | |

ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO MEET THE STATUTE OF LIMITATIONS

On September 26, 2007, *pro se* Petitioner Gregory P. Barnett, a Hawaii prisoner incarcerated at Saguaro Correctional Center ("SCC") in Eloy, Arizona, filed a document titled "Amended Petition," under Civil No. 00-00456 DAE. Judgment having been entered approximately seven years ago in Civil No. 00-00456 DAE, the court construed Barnett's document as an original petition for writ of habeas corpus under 28 U.S.C. § 2254 ("Petition") and opened a new civil action. Barnett challenges the term of his sentence, imposed by the Circuit Court of the Second Circuit, State of Hawaii ("circuit court") on December 16, 1994.

On October 3, 2007, the Court issued an Order to Show Cause, requiring Respondent to file an answer, and notifying the parties that Barnett's

claim appeared time barred by the statute of limitations set forth in 28 U.S.C. § 2244(d)(1). Nonetheless, in its answer, Respondent stated that Barnett had timely filed his petition. Barnett declined to address the statute of limitations issue in his reply to Respondent's answer.

The Court, still firm in its conviction that Barnett's claims are time-barred under § 2244(d)(1), now hereby ORDERS Barnett to show cause why his petition should not be dismissed for failure to meet the statute of limitations.

## BACKGROUND

### A.    Barnett's Criminal Conviction

On April 24, 1992, a Grand Jury of the Second Circuit State of Hawaii indicted Barnett on forty criminal charges in Cr. No. 92-0196, and on May 15, 1992, also indicted Barnett in Cr. No. 92-0259, on one additional charge.

On August 12, 1994, pursuant to a plea agreement, Barnett pled guilty in both criminal actions. In total, Barnett pled guilty to 10 class "A" felonies and 4 class "C" felonies. Barnett stipulated to serve a life term of imprisonment with the possibility of parole for each class "A" felony, each sentence to run concurrent. Barnett also stipulated that all other charged offenses would carry their ordinary terms of imprisonment and would run concurrent to the single life term. *Id.* at App. D. In addition, Barnett stipulated to a five year term of imprisonment under

Case 1:07-cv-00491-SOM-BMK   Document 69   Filed 04/14/08   Page 3 of 11   PageID #: 2010

Cr. No. 92-0259, which was to run concurrent to the single life term imposed under Cr. No. 92-0196(3). *Id.* at App. F.

On November 30, 1994, the circuit court sentenced Barnett pursuant to the terms of the plea agreement. *Id.* at App. E. Barnett did not file a direct appeal of his criminal conviction.

### B. Barnett's Post-Conviction Proceedings in State Court

On July 7, 1995, Barnett filed a motion under Hawaii Rules of Penal Procedure ("Haw. R. Pen. P.") Rule 35 and 32(d). *Id.* at App. G. Barnett withdrew his motion on August 21, 1995, *Id.* at App. K.

On January 3, 1996, Barnett filed a petition for post-conviction relief under Haw. R. Pen. P. Rule 40, *Id.* at App. L, which was denied by the circuit court on April 24, 1996. On May 29, 1996, Barnett filed an appeal of the circuit court's ruling. *Id.* at App. S, 1.

On March 9, 1999, the Intermediate Court of Appeals of Hawaii ("ICA") vacated the circuit court's order denying Barnett's Rule 40 petition and remanded for further proceedings.

On or about April 7, 1999, Barnett filed a writ of certiorari to the Hawaii Supreme Court. *Id.* at App. X. On June 23, 1999, the Hawaii Supreme Court reversed the ICA's decision and affirmed the circuit court's order. Id. at

3

App. AA.  On August 13, 1999, the Hawaii Supreme Court entered its Notice and Judgment on Appeal.  *Id.* at App. DD.

Meanwhile, on December 30, 1997, Barnett filed a second petition for post-conviction relief pursuant to Rule 40 of the Haw. R. Pen. P. ("Second Rule 40 Petition").  *Id.* at App. EE.  The circuit court dismissed the Second Rule 40 Petition without a hearing on April 21, 1998, and entered an amended Findings of Fact, Conclusions of Law on April 27, 1998.  *Id.* at App. JJ.  The circuit court concluded that Barnett's claims were patently frivolous, without a trace of support in the record, and not reviewable under Rule 40, because Barnett's first ground for relief had been previously ruled upon and Barnett's second ground for relief had been waived.  *Id.* at App. JJ., 7:22-23.

On June 24, 1998, Barnett filed a notice of appeal.  *Id.* at App. KK, 2.  On December 7, 1999, the ICA issued a Memorandum Opinion affirming the circuit court.  *Id.* at App. NN.  Barnett then filed an application for certiorari.  *Id.* at App. OO.  On December 3, 2003, the Hawaii Supreme Court issued a Summary Disposition Order affirming the ICA.  *Id.* at App. QQ.  On January 20, 2004, the Hawaii Supreme Court entered its Notice and Judgment on Appeal.

Simultaneously, on August 2, 1999, Barnett filed a second motion pursuant to Haw. R. Pen. P. Rule 35 ("Second Rule 35 Motion").  *Id.* at App. UU.

4

On August 19, 1999, the circuit court held a hearing on Barnett's Second Rule 35 Motion wherein it concluded that Barnett's Motion lacked merit. The circuit court issued a written order denying Barnett's Second Rule 35 Motion on September 7, 1999. *Id.* at App. XX.

Barnett filed an appeal. On October 26, 2000, the Hawaii Supreme Court affirmed the circuit court in a written Summary Disposition Order, ( *Id.* at App. BBB.), and entered a Notice and Judgment on Appeal on April 17, 2001. *Id.* at App. GGG.

Meanwhile, on May 3, 2000, Barnett had filed yet a third motion under Haw. R. Pen. P. Rule 35 ("Third Rule 35 Motion"). That same day, however, the circuit court issued a written Order denying Barnett's Third Rule 35 Motion. Barnett appealed and on July 6, 2004, the Hawaii Supreme Court issued a Summary Disposition Order affirming the circuit court. *Id.* at App. NNN. The Hawaii Supreme Court entered Notice and Judgement on Appeal on July 23, 2004. *Id.* at App. OOO.

Finally, on July 6, 2005, Barnett filed a third petition for post-conviction relief under Rule 40 of the Haw. R. Pen. P. ("Third Rule 40 Petition"). On November 10, 2005, the circuit court denied Barnett's Third Rule 40 Petition without a hearing, which was affirmed by the ICA on May 31, 2007.

### C. Barnett's Post-Conviction Proceedings in Federal Court

As noted, on July 3, 2000, Barnett filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in federal court. *Id.* at App. HHH. At the time of filing his July 2000 Petition Barnett had several post-conviction proceedings pending in Hawaii state court. Accordingly, the court dismissed Barnett's July 2000 Petition on November 2, 2000, for failure to exhaust.

On September 26, 2007, Barnett filed the instant Petition. Barnett raises three grounds for relief:

> A. Ground One: "Illegal plea agreement relative to enhanced sentencing." "Barnett was induced to plead guilty to ten class A felonies with a promise of '[a] <u>single</u> life term.'"
>
> B. Ground Two: "Illegal sentence[.]" "The sentence of ten (10) life terms does not comport with the government's promise of '[a] <u>single</u> life term.'"
>
> C. Ground Three: "Ineffective assistance of counsel." "Counsel failed to inform Barnett of the relevant law as to sentencing . . ."

Pet. at 4-5.

## LEGAL STANDARD

Section 2244 provides in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

Under certain conditions the statute of limitation may be equitably tolled. *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S. Ct. 1807, 1814 (2005); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). To qualify for equitable tolling, the petitioner "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at ---, 125 S. Ct. at 1814. "[T]he threshold necessary to trigger equitable tolling under [the Anti-Terrorism and Effective Death Penalty

Act ("AEDPA")], is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and citation omitted). This high bar is necessary to effectuate the "AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." *Guillory v. Roe*, 329 F.3d 1015, 1018 (9th Cir. 2003) (internal quotation marks and citation omitted). Equitable tolling determinations are "highly fact-dependent." *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (per curiam); *accord Lott v. Mueller*, 304 F.3d 918, 923 (9th Cir. 2002) (observing that equitable tolling determinations "turn[ ] on an examination of detailed facts").

## DISCUSSION

Barnett's claims appear barred by the statute of limitations. As calculated by the Court, the one-year statute of limitations under § 2244(d)(1), began to run on Barnett's claims no later than December 31, 1994, the expiration date of the thirty-day period during which Barnett could have filed a direct appeal of his criminal conviction. *See Smith v. Duncan*, 297 F.3d 809, 812-13 (9th Cir. 2002) (conviction is final after time for seeking review from the state appellate court has expired); *Wixom v. Washington*, 264 F.3d 894, 898 (9th Cir. 2001).

The statute of limitations appears to have run from December 31, 1994, up to and including July 7, 1995, the day on which Barnett filed his First Rule 35 Motion with the circuit court. As of July 7, 1995, the statute of limitations appears to have run for 187 consecutive days.

Thereafter, the statute of limitations appears to have been tolled between July 7, 1995 and August 21, 1995, the date on which Barnett voluntarily dismissed his First Rule 35 Motion. The statute of limitations appears to have begun to run again on August 22, 1995. It appears to have continued to run until January 3, 1996, the date on which Barnett filed his First Rule 40 Petition in the circuit court. Between August 22, 1995 and January 3, 1996, the statute of limitations appears to have run for 134 consecutive days, and 321 total days.

The statute of limitations appears to have been tolled again between January 3, 1996 and July 23, 2004, the period during which Barnett fully litigated his: (1) Second Rule 40 Petition; (2) Second Rule 35 Motion; (3) Third Rule 35 Motion; and his (4) July 2000 Petition.

The statute of limitations appears to have begun to run again on July 24, 2004, the day after the Hawaii Supreme Court issued its Notice and Judgment on Appeal of Barnett's Third Rule 35 Motion, with only 44 days remaining until it expired. Barnett did not, however, initiate any action within 44 days of July 24,

2004, to toll the one-year statute of limitations under § 2244(d)(1). Thus, the statute of limitations applicable to Barnett's instant claims appears to have expired on September 5, 2004, long before Barnett's third Rule 40 petition was filed on July 6, 2005. Accordingly, when Barnett filed the instant Petition on September 26, 2007, the statute of limitations appears to have long passed.

Moreover, Barnett does not appear to be entitled to statutory tolling under § 2244(d). There does not appear to have been a state-created impediment to Barnett's filing a federal petition under 28 U.S.C. § 2244(d)(1)(B). In addition, the Petition does not raise a newly recognized constitutional right that is retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(C). Finally, Barnett has not raised newly discovered evidence as the basis for this habeas petition. *See* 28 U.S.C. § 2244(d)(1)(D). If Barnett seeks equitable tolling, it is incumbent upon him to articulate sufficient grounds for such an extraordinary measure.

## CONCLUSION

Barnett is hereby ORDERED to show cause why his petition should not be dismissed as time-barred for the reasons described above. He shall have until May 15, 2008 to file a memorandum, not to exceed 15 pages in length, detailing why his petition should be considered timely filed. Respondent shall

have 15 days after Barnett's memorandum is filed to respond with a memorandum not in excess of 10 pages.

    IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: April 14, 2008

Barnett v. Luna, Civ. No. 07-00491 SOM-BMK; ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO MEET THE STATUTE OF LIMITATIONS.