IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GREGORY P. BARNETT, #A4000428, | ) ) ) | CIVIL NO. 07-00491 SOM-BMK |
| Petitioner, | ) ) | FINDINGS AND RECOMMENDATION TO |
| vs. | ) ) | DISMISS PETITION AND ORDER DENYING PETITIONER'S |
| FRANK LUNA, | ) ) | PENDING MOTIONS |
| Respondent. | ) ) | |
| _____ | ) | |

**FINDINGS AND RECOMMENDATION TO DISMISS PETITION AND ORDER DENYING PETITIONER'S PENDING MOTIONS**

Before the court is pro se Petitioner Gregory P. Barnett's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254.[1]  Barnett challenges the term of his sentence, imposed by the Circuit Court of the Second Circuit, State of Hawaii ("circuit court") on December 16, 1994.  For the following reasons, the court FINDS that the Petition is barred by the statute of limitation and RECOMMENDS that it be DISMISSED with prejudice.  The court also DENIES Petitioner's Motion for Evidentiary Hearing, Ex Parte Motion for Leave of Court

_____

[1] Barnett titled the document as an "Amended Petition," under Civil No. 00-00456 DAE.  Barnett's petition filed under Civil No. 00-00456 DAE, was dismissed approximately seven years ago as unexhausted.  The court, therefore, construed this Petition as an original petition and opened a new civil action.

to File Reply, and Motion to Estop Sua Sponte Determination on the Issue of Timeliness.

## I. **PROCEDURAL HISTORY**

A brief recitation of the procedural history of this action is necessary to evaluate Barnett's Answer to the April 14, 2008 Order to Show Cause.

As noted above, on September 26, 2007, Petitioner attempted to file the Petition as an Amended Petition in Civil No. 00-00456 DAE.  Because that action was terminated without prejudice as unexhausted seven years earlier, however, the court opened a new action.  Petitioner then filed four consecutive motions attempting to convince the court to allow him to file the Petition in Civil No. 00-0456.  *See* Doc. Nos. 7, 14, 34, & 49.  The court, in written, reasoned opinions, denied all four of these motions.  *See* Doc. Nos. 11, 15, 46, & 50.

On October 3, 2007, the court ordered Respondent to file an Answer to the Petition.  Doc. No. 4.  Because it appeared that the Petition was time-barred, the court specifically directed Respondent to address the statute of limitation as it applies to Petitioner's claims.  *See* 28 U.S.C. § 2244(d)(1).  The court also notified Barnett that, if the Petition was time-barred it is his burden to establish that he is entitled to equitable tolling, and gave him leave to file a Reply to Respondent's Answer.

On February 4, 2008, Respondent filed an Answer to Barnett's Petition.  Doc. No. 36.  Despite the court's notification that the Petition appeared time-barred, Respondent apparently miscalculated the timeliness of Barnett's Petition and stated, "Barnett timely filed his Petition on September 26, 2007." Ans. at 14.

On March 27, 2008, Barnett filed a Reply to Respondent's Answer. Doc. No. 59.  Barnett set forth no argument in favor of tolling the statute of limitations.  In consideration of Barnett's pro se status, Respondent's miscalculation of the timeliness of the Petition and Barnett's possible reliance on that statement, and the court's conviction that the record showed that the Petition was, in fact, time-barred, Barnett was allowed to file a Supplemental Reply setting forth reasons for equitable tolling of the statute and showing cause why the Petition should not be dismissed as time-barred.  Doc. No. 69.  Barnett filed an "Answer to Show Cause Why Petition Should Not be Dismissed as Time-Barred," on May 2, 2008,  Doc. No. 75.

## II.  <u>BACKGROUND</u>

### A.    Barnett's Criminal Conviction

On April 24, 1992, a Grand Jury indicted Barnett on forty criminal charges in Cr. No. 92-0196, and, on May 15, 1992, one additional charge in Cr.

3

No. 92-0259.  Barnett pled guilty in both criminal actions on August 12, 1994, to

10 class "A" felonies and 4 class "C" felonies.  Barnett stipulated to a term of life

imprisonment with the possibility of parole for each class "A" felony, each

sentence to run concurrently.  Barnett also stipulated that all other charged offenses

would carry their ordinary terms of imprisonment and would run concurrent to the

single life term.  Ans. App. D.  In addition, Barnett stipulated to a five year term of

imprisonment under Cr. No. 92-0259, which was to run concurrent to the single

life term imposed under Cr. No. 92-0196(3).  *Id.* App. F.  The circuit court

sentenced Barnett pursuant to the terms of the plea agreement on November 30,

1994.  *Id.* App. E.  Barnett did not directly appeal his criminal conviction.

**B.**     **Barnett's Post-Conviction Proceedings in State Court**

On January 3, 1996, Barnett filed a petition for post-conviction relief

under Hawaii Rules of Penal Procedure ("Haw. R. Pen. P.") Rule 40, that was

denied by the circuit court on April 24, 1996 ("First Rule 40 Petition").[2]  *Id.* App.

L.  Barnett appealed, and on March 9, 1999, the Hawaii Intermediate Court of

Appeals("ICA") vacated the circuit court's order and remanded for further

---

[2] Although Barnett filed an earlier post-conviction petition under Haw. R. Pen. P.
Rules 35 and 32(d) ("First Rule 35 Motion"), it is not relevant to the present
discussion.  *See* Ans. Apps. G &  K.

proceedings.  *Id.* App. S at 1.  Barnett filed a writ of certiorari to the Hawaii

Supreme Court, App. X, and on June 23, 1999, the Hawaii Supreme Court reversed

the ICA and affirmed the circuit court's order denying the First Rule 40 Petition.

*Id.* App. AA.  Notice and Judgment on Appeal was filed on August 13, 1999.  *Id.*

App. DD.

      While proceedings in the First Rule 40 Petition were still ongoing,

Barnett filed a second Rule 40 petition ("Second Rule 40 Petition") on December

30, 1997.  *Id.* App. EE.  The circuit court dismissed the Second Rule 40 Petition as

patently frivolous, without a trace of support in the record, and as previously ruled

upon or waived on April 21, 1998.  *Id.* App. JJ at 7:22-23.[3]  On December 7, 1999,

the ICA affirmed the circuit court.  *Id.* App. NN.  On December 3, 2003, the

Hawaii Supreme Court affirmed the ICA, and entered its Notice and Judgment on

Appeal on January 20, 2004.  *Id.* App. QQ.

      Simultaneously, on August 2, 1999, Barnett filed a Second Rule

35Motion".  *Id.* App. UU.  The circuit court denied the Second Rule 35 Motion on

September 7, 1999.  *Id.* App. XX.  Barnett appealed, and on October 26, 2000, the

Hawaii Supreme Court affirmed the circuit court by Summary Disposition Order.

---

[3] The circuit court entered an amended Findings of Fact, Conclusions of Law
on April 27, 1998.  *Id.* at App. JJ.

*Id.* App. BBB.  Notice and Judgment on Appeal was filed on April 17, 2001.  *Id.* App. GGG.

On May 3, 2001, Barnett filed a Third Rule 35 Motion.  *Id.* App. JJJ. The circuit court denied the Third Rule 35 Motion on the same day.  *Id.* at App. KKK.   Barnett appealed and on July 6, 2004, the Hawaii Supreme Court affirmed by Summary Disposition Order.  *Id.* App. NNN.  Notice and Judgement on Appeal was filed on July 23, 2004.  *Id.* App. OOO.

Finally, on July 6, 2005, Barnett filed a Third Rule 40 Petition.  On November 10, 2005, the circuit court denied the Third Rule 40 Petition and the ICA affirmed on May 31, 2007.  *Id.* App. PPP.  Barnett did not seek certiorari at the Hawaii Supreme Court.

## C.    Barnett's Post-Conviction Proceedings in Federal Court

Barnett filed his first federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 3, 2000.  *Id.* App. HHH.  Because Barnett had several post-conviction proceedings pending in Hawaii state court, the court dismissed the first petition on November 2, 2000, for failure to exhaust.

On September 26, 2007, Barnett filed the instant Petition raising three grounds for relief: (1) An illegal plea agreement, Ground One ; (2) An illegal sentence, Ground Two; and (3) Ineffective assistance of counsel, Ground Three.

Pet. at 4-5.

## III.  <u>LEGAL STANDARD</u>

Section 2244 provides in pertinent part:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

Under certain conditions the statute of limitation may be equitably tolled.  *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S. Ct. 1807, 1814 (2005); *Miles v.*

*Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).  To qualify for equitable tolling, the

petitioner "bears the burden of establishing two elements: (1) that he has been

pursuing his rights diligently, and (2) that some extraordinary circumstance stood

in his way."  *Pace*, 125 S. Ct. at 1814.  "[T]he threshold necessary to trigger

equitable tolling under [the Anti-Terrorism and Effective Death Penalty Act

("AEDPA")], is very high, lest the exceptions swallow the rule."  *Miranda v.

Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and citation

omitted).  This high bar is necessary to effectuate the "AEDPA's statutory purpose

of encouraging prompt filings in federal court in order to protect the federal system

from being forced to hear stale claims."  *Guillory v. Roe*, 329 F.3d 1015, 1018 (9th

Cir. 2003) (internal quotation marks and citation omitted).  Equitable tolling

determinations are "highly fact-dependent."  *Whalem/Hunt v. Early*, 233 F.3d

1146, 1148 (9th Cir. 2000) (en banc)  (per curiam); *accord Lott v. Mueller*, 304

F.3d 918, 923 (9th Cir. 2002) (observing that equitable tolling determinations

"turn[ ] on an examination of detailed facts").

## IV.  **DISCUSSION**

This Court raised the issue of timeliness *sua sponte*, and now finds

that Barnett's claims are barred by the statute of limitation.  *See Day v.

McDonough*, 547 U.S. 198 (2006) (holding that a district court may *sua sponte*

dismiss a habeas petition as untimely under AEDPA).  Because Barnett's

conviction was final prior to the date on which AEDPA became effective, the one-

year statute of limitation on Barnett's claims accrued on April 24, 1996.  *See Carey*

*v. Saffold*, 536 U.S. 214, 217 (2002) (when Petitioner's criminal conviction became

final before AEDPA took effect, the federal limitation period begins to run on

AEDPA's effective date).[4]  On April 24, 1996, Barnett had pending post-

conviction proceedings in state court, which tolled the limitation period for his

claims.  Giving Barnett the benefit of every doubt, the statute of limitation was

tolled between April 24, 1996 and July 23, 2004, the period during which Barnett

fully-litigated his: (1) First Rule 40 Petition; (2) Second Rule 40 Petition; (3)

Second Rule 35 Motion; and (4) Third Rule 35 Motion.

The statute of limitation began to run on July 24, 2004, the day after

the Hawaii Supreme Court entered the Notice and Judgment on Appeal in Barnett's

Third Rule 35 Motion, and ran until July 5, 2005, the day before Barnett filed his

Third Rule 40 Petition, encompassing 347 consecutive days.

The statute of limitation was tolled again between July 6, 2005, and

---

[4] Although the court mistakenly assigned December 31, 1994, as the date on which the statute of limitations on Barnett's claims accrued in the April 4, 2008 Order to Show Cause, the court still finds that, based on the correct accrual date of April 24, 1996, Barnett's claims are time-barred under 28 U.S.C. § 2244(d).

August 29, 2007, while Barnett pursued his Third Rule 40 Petition.[5]  The statute

began to run again on August 30, 2007, and expired nineteen days later, on

September 18, 2007.  When Barnett delivered his petition to prison authorities for

mailing the next day, September 19, 2007, and it was filed on September 26, 2007,

the statute of limitation had expired.[6]

Unless he is entitled to another basis for statutory tolling, or entitled to

equitable tolling, Barnett's Petition is time-barred.  The court finds that there was

no state-created impediment to Barnett's filing a federal petition under 28 U.S.C. §

2244(d)(1)(B), nor does Barnett argue that there was.  The Petition does not raise a

newly recognized constitutional right that is retroactively applicable to cases on

collateral review.  *See* 28 U.S.C. § 2244(d)(1)(C).  Finally, Barnett does not raise

newly discovered evidence as the basis for this habeas petition.  *See* 28 U.S.C. §

2244(d)(1)(D).  Barnett is not entitled to statutory tolling.

In his May 2, 2008 Answer, Barnett sets forth two arguments why the

court should not dismiss his Petition as time-barred.  These arguments are merely a

---

[5] The ICA denied Barnett's appeal on May 31, 2007; Barnett had ninety days, until August 29, 2007, to seek certiorari with the Hawaii Supreme Court, but did not do so.  *See* Haw. R. App. P. Rule 40.1.

[6] Because Barnett signed and dated his Petition on September 19, 2007, the day after the statute of limitation had expired, he does not benefit from operation of the prison "mailbox rule."  *See Houston v. Lack*, 487 U.S. 266 (1988) (providing that a prisoner's legal document is deemed filed on the date a prisoner delivers it to the prison authorities for mailing); *see also* Rule 3(d) of the Rules Governing Section 2255 Proceedings (incorporating the *Houston v. Lack* decision).

recitation of previously litigated issues brought before the court. *See* Docket Nos. 7, 14, 34 & 49. Barnett states that the statute of limitations on his claims tolled between April 25, 1996, up to and including July 3, 2000, the date on which he timely filed his first federal habeas petition. Barnett then argues, as he has throughout the course of this action, that this Petition should have been filed as an amended petition under Civ. No. 00-00456 DAE, because that action remained active and the court retained jurisdiction over the matter when it failed to issue a Certificate of Appealability until October 29, 2007. Alternatively, Barnett argues that the court should have filed his Petition *nunc pro tunc* to July 3, 2000. The district judge has rejected these arguments four times, and this court will not revisit them. *See* Docket Nos. 11, 15, 46 & 50.

Barnett fails to proffer any argument demonstrating the possibility of equitable tolling, as is his burden. This Court finds that Barnett is not entitled to equitable or statutory tolling of the statute. This Court **FINDS** that Barnett's claims are time-barred and **RECOMMENDS** that his Petition be dismissed with prejudice.[7] [8]

---

[7] As the court finds that Barnett's claims are barred by the statute of limitations, the court will not address the merit of Barnett's claims.

[8] The court recognizes that the untimeliness of Barnett's claims is slight. It is clear from the state court record, however, that Barnett had over seven years to initiate an action in federal

(continued...)

Having found that Barnett's Petition is time-barred, and recommended that the Petition be dismissed, the Motion for an Evidentiary Hearing is **DENIED**. Because no response to Barnett's May 2, 2008 Answer is necessary, Barnett's "Ex Parte Motion for Leave of Court To File A Reply To State's Forthcoming Memorandum on the Subject of Timeliness of Barnett's Petition," is also **DENIED**.

Finally, because the court has already raised the issue of the Petition's untimeliness *sua sponte*, in its two Orders to Show cause, *see* Doc. Nos. 4 & 69, and remains convinced that the record shows that the Petition is untimely, notwithstanding Respondent's miscalculation, the court **DENIES** Barnett's "Motion to Estop Sua Sponte Determination on The Issue of Timeliness Under § 2244." *See Day*, 547 U.S. at 209.

The court provided "the parties fair notice and an opportunity to present their positions." *Id.* at 210. Barnett was not prejudiced by any delayed focus on the limitation issue. *See id.* (holding that the district court must "assure itself that the petitioner is not significantly prejudiced by the delayed focus on the

---

[8](...continued)
court, but instead pursued frivolous litigation in state court. By August 13, 1999, Barnett's present claims had underwent one full round of review by the state court. Thereafter, although his subsequent state court post-conviction petitions were technically "properly filed," such as to toll the statute of limitations under 28 U.S.C. § 2244(d), they were overwhelmingly dismissed as patently frivolous by the state court.

limitation issue[.]"). The court notified the parties that Barnett's Petition appeared time-barred *within one week* of its filing. The court then provided the parties with an opportunity to present their positions through an Answer and two Replies. Nor is the court bound by Respondent miscalculation, particularly when the court had already raised the issue *sua sponte* and the record reflects the discrepancy.

## V.  <u>CONCLUSION</u>

The Court **FINDS** that Barnett's claims are time-barred and **RECOMMENDS** that his Petition be dismissed with prejudice. Barnett's Motion for an Evidentiary Hearing is **DENIED**. Barnett's Ex Parte Motion for Leave of Court To File A Reply To State's Forthcoming Memorandum on The Subject of Timeliness of Barnett's Petition is **DENIED**. Barnett's Motion to Estop Sua Sponte Determination on The Issue of Timeliness Under § 2244 is **DENIED**.

**IT IS SO FOUND AND RECOMMENDED.**



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: May 9, 2008

*Barnett v. Luna*, Civ. No. 07-00491 SOM-BMK; FINDINGS AND RECOMMENDATION TO DISMISS PETITION;dmp\Habeas 08\Barnett 07-491 SOM (revision of F&R dsm Pet SOL