IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GREGORY P. BARNETT, # A4000428, | ) ) ) | CIVIL NO. 07-00491 SOM-BMK |
| Petitioner, | ) ) | ORDER DENYING PETITIONER'S MOTION |
| vs. | ) ) ) | FOR RECONSIDERATION OF ORDER DENYING |
| FRANK LUNA, | ) ) | EVIDENTIARY HEARING |
| Respondent. | ) ) | |
| _____ | ) | |

**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION OF ORDER DENYING EVIDENTIARY HEARING**

Before the court is Petitioner's "Motion for Reconsideration of Order Regarding Denial of Evidentiary Hearing." (Doc. 110). Petitioner's first motion for an evidentiary hearing, Doc. 60, was denied as moot. (Doc. 77.) On June 9, 2008, Petitioner filed a renewed motion for an evidentiary hearing, Doc. 88, which was denied on July 15, 2008. (Doc. 94.) Petitioner filed an objection to this denial, Doc. 97, which was construed as a motion for reconsideration and denied, Doc. 100. Petitioner then filed another objection to the denial, Doc. 101, which was a duplicate of Doc. 97. On August 21, 2008, Petitioner appealed the denial of his motion to the District Judge. Doc. 104. This objection was denied on August 22, 2008. (Doc. 106.) Petitioner now moves this court to reconsider. (Doc. 110.)

Petitioner argues that an evidentiary hearing is required "to assess Barnett's interpretation of the state's promise and whether he relied on it." (Doc. 110 at 2.)  In the next sentence, Petitioner states that he did rely.  Moreover, at every phase of his state court proceedings, Petitioner inserted into the record evidence to support his position.  Petitioner actively litigated his case in state courts for eleven and one-half years, developing a substantial record that contains a great deal of evidence, including verified statements by Petitioner himself.

Petitioner cites to *Iaea v. Sunn*, 800 F.2d 861 (9th Cir. 1986), for the proposition that "[l]aw in this jurisdiction demands an evidentiary hearing to determine whether there is a reasonable probability that Barnett would have plead guilty to 'a single life term' absent erroneous sentencing advice of counsel."  However, *Iaea* is distinguishable from Petitioner's case because the record there was "replete with evidence that Iaea was very reluctant to plead guilty and that defense counsel and Iaea's brother had a great deal of trouble convincing him to do so." *Iaea*, 800 F.2d at 865.  The *Iaea* court remanded the matter for an evidentiary hearing because it appeared that there were "special circumstances" that might justify the conclusion that Iaea placed particular reliance on erroneous advice in deciding whether or not to plead guilty. *Id.*

Here, there is nothing in the record to suggest that Petitioner would have proceeded to trial but for his counsel's advice.  To the contrary, the record shows that Petitioner, charged with forty-one felony counts involving sexual contact with children and facing the prospect of spending the rest of his life in prison, actively sought and negotiated the terms of his plea agreement.  Moreover, Petitioner does not want to withdraw his guilty plea, seeking only a reduced sentence.[1]

The voluntariness of a guilty plea is a question of law.  *Iaea v. Sunn*, 800 F.2d 861, 864 (9th Cir. 1986), *citing Marshall v. Lonberger*, 459 U.S. 422, 431 (1983).  In deciding whether to grant an evidentiary hearing, a district court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief.  *Schriro v. Landrigan*, 127 U.S. 1933, 1940 (2007) (citation omitted).  "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."  *Id.* (citing, inter alia, the Ninth circuit's holding that "an evidentiary hearing is not required on issues that can be resolved by reference to the state court record."  *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998)).

---

[1] The court need not address here the effectiveness of Petitioner's counsel.

The state court record has been sufficiently developed to allow this court to evaluate Petitioner's claims without an evidentiary hearing at this time.

Petitioner's motion for reconsideration is DENIED. Petitioner is NOTIFIED that the court will not entertain another motion for an evidentiary hearing based on these grounds.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii; September 9, 2008.



/s/ Susan Oki Mollway
SUSAN OKI MOLLWAY
UNITED STATES DISTRICT JUDGE

*Barnett v. Luna*, Civ. No. 07-00491 SOM-BMK; ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION OF ORDER DENYING EVIDENTIARY HEARING; allison\Habeas 08\Barnett 07-491 SOM (dny evid hrg final)