IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GREGORY P. BARNETT | ) | Civ. No. 07-00491 SOM/BMK |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER ADOPTING AND |
| vs. | ) | SUPPLEMENTING FINDINGS AND |
| | ) | RECOMMENDATION; ORDER DENYING |
| TODD THOMAS, | ) | § 2254 PETITION |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

ORDER ADOPTING AND SUPPLEMENTING FINDINGS AND RECOMMENDATION;
ORDER DENYING § 2254 PETITION

I.     INTRODUCTION.

In 1994, Petitioner Gregory P. Barnett pled guilty to multiple counts of sexual misconduct with minors. On September 26, 2007, Barnett filed the present petition under 28 U.S.C. § 2254. Barnett's main argument arises from his belief that he was promised a single life term for ten different State of Hawaii Class "A" felonies. Barnett contends that he was instead illegally sentenced to ten life terms, one for each of the Class "A" felonies, with the ten terms running concurrently.

This matter is before this court on objections to Magistrate Judge Barry M. Kurren's Supplemental Findings and Recommendation ("F&R") of September 30, 2008. The F&R recommended that this court find Barnett's petition under 28 U.S.C. § 2254 ("Petition") to have been timely filed, but recommended that his petition be dismissed as unmeritorious. This court adopted that F&R on October 16, 2008, and entered

judgment against Barnett on October 17, 2008.  In light of Barnett's October 24, 2008, objections to the F&R (Doc. No. 127), which he appears to have timely mailed to this court on October 17, 2008, the court vacates the prematurely entered October 16, 2008, order adopting the F&R and vacates the October 17, 2008, Judgment.  This renders moot Barnett's October 28, 2008, Motion to Toll Time for Notice of Appeal (Doc. No. 128), which is denied as a result.  The court now turns to reviewing Barnett's objections to the F&R.

Magistrate Judge Kurren's F&R is a careful and well-reasoned analysis of the issues raised in the Petition.  After <u>de novo</u> review of the parts of the F&R to which the Barnett has objected, this court now adopts and supplements the F&R as set forth below.  The Petition is denied.

II.     BACKGROUND FACTS.

The court incorporates the facts set forth in the F&R, supplementing those facts with the following discussion of uncontested facts.

On April 24 and May 18, 1992, separate indictments issued charging Barnett with various Hawaii state-law offenses involving sexual misconduct with minors.  <u>See</u> Indictment, Cr. No. 92-0196(3) (Apr. 24, 1992); Indictment, Cr. No. 92-0259(3) (May 18, 1992).

On August 12, 1994, Barnett pled guilty to several counts in those indictments in exchange for the dismissal of other counts. See Guilty Plea, No Contest, Cr. Nos. 92-0196(3) and 92-0259(3).  The Guilty Plea form indicated that Barnett could receive a "MAXIMUM INDETERMINATE SENTENCE" of "LIFE" and an "EXTENDED MAXIMUM INDETERMINATE SENTENCE" of "10 LIFE."[1]  As part of his plea agreement, the prosecution and Barnett stipulated "to a _single_ life term of imprisonment with the possibility of parole under Cr. 92-0196(3) for Counts Two, Nine, Twelve, Sixteen, Eighteen, Twenty-Five, Twenty-Eight, Thirty-One, Thirty-Four and Thirty-Nine (all class "A" felonies)."  For the remaining four counts in Cr. No. 92-0196(3), involving Class "C" felonies, the prosecution and Barnett stipulated to "an indeterminate sentence of five years, to run concurrent to the life term imposed for the class "A" felonies.  Id.  With respect to Cr. No. 92-0259(3), the prosecution and Barnett stipulated to "a five year term of imprisonment . . . with that term to run concurrent to the _single_ life term of imprisonment under Cr. No. 92-0196(3).  Id.

On June 23, 1999, the Supreme Court of the State of Hawai`i rejected Barnett's appeal regarding the state Circuit

---

[1] Ordinarily, a Class "A" felony would subject a person to an indeterminate 20-year sentence under section 706-659 of the Hawaii Revised Statutes.  There is no dispute, however, that Barnett's sentence for each of the 10 Class "A" felonies was enhanced to life imprisonment pursuant to sections 706-661 and 706-662 of the Hawaii Revised Statutes.

Court's denial of his post-conviction petition under Rule 40 the Hawaii Rules of Penal Procedure. In that petition, Barnett had asserted that he should have only been sentenced to a single life imprisonment term for the ten Class "A" felonies. The Hawaii Supreme Court ruled that, when the Circuit Court sentenced Barnett to life for each of the ten Class "A" felonies, with the life terms running concurrently, that "sentence gave Barnett the benefit of the bargain of the plea agreement. In effect, the circuit court fashioned a sentence that gave Barnett what amounted to a single life sentence." Barnett v. Hawaii, Nos. 19913 and 21051, slip. op. at 14 (June 23, 1999). The Hawaii Supreme Court noted that, "[w]hen run concurrently, the multiple life terms amounted to exactly one life term."

The Hawaii Supreme Court held that it would have been illegal under Hawaii law for the Circuit Court to have sentenced Barnett to a single term of imprisonment for ten different felonies, ruling that "the circuit court must sentence a person for each charge of which the person is convicted." Id. at 15. The Hawaii Supreme Court therefore rejected Barnett's contention that his sentence violated the plea agreement, as imposing a life-term for each Class "A" felony and running those terms concurrently was the only way the Circuit Court "could have given Barnett what he bargained for." Id. at 16.

The Hawaii Supreme Court then stated that, based on the Circuit Court's colloquy with Barnett when he pled guilty,

> it is difficult to imagine that Barnett did not have knowledge of the direct consequences of his guilty plea.  At the very least, Barnett knew that he was pleading guilty to fifteen separate sexual assault felonies and, given that all sentences were run concurrently, that he would be sentenced to what effectively would amount to a life term of imprisonment.

Id. at 18-19.

II.     STANDARD OF REVIEW.

Barnett requests relief from the sentences imposed on him under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(d).  See Petition (Sept. 26, 2007).  The AEDPA imposes a "highly deferential standard for evaluating state-court rulings."  Lindh v. Murphy, 521 U.S. 320, 334 (1997); Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003).  Under § 2254(d):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in

>light of the evidence presented in the State
>court proceeding.

28 U.S.C. § 2254(d).

On September 30, 2008, Magistrate Judge Kurren issued his F&R. See Document No. 117. This court reviews <u>de novo</u> those portions of the F&R to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendation made by the Magistrate Judge. The court may also receive further evidence on the matter or recommit it to the Magistrate Judge with instructions. The court may accept those portions of the Magistrate Judge's findings and recommendation that are not objected to if it is satisfied that there is no clear error on the face of the record. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Local Rules 72.5 and 74.2; <u>Int'l Longshore & Warehouse Union, Local 142, AFL-CIO v. Foodland Super Market Ltd.</u>, 2004 WL 2806517, *1 (D. Haw. Sept. 15, 2004); <u>Stow v. Murashige</u>, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003), <u>aff'd</u>, 389 F.3d 880 (9th Cir. 2004); <u>Abordo v. State of Hawaii</u>, 902 F. Supp. 1220 (D. Haw. 1995); <u>see also</u> <u>Campbell v. United States Dist. Court</u>, 501 F.2d 196, 206 (9th Cir. 1974).

>A. The Magistrate Judge Did Not Err in Determining that Barnett Understood the Consequences of his Plea.

In the first claim asserted in the Petition, Barnett says that he was subject to an illegal plea agreement, as it called for him to be sentenced to "a <u>single</u> life term" for all of

6

the Class "A" felonies but Hawaii law required him to be sentenced separately for each of the felonies.  Barnett contends that he was promised "a <u>single</u> life term," but received a life term for each of the ten Class "A" felonies he was convicted of, with the terms running concurrently.  Although the Hawaii Supreme Court noted that Barnett effectively got the benefit of his bargain, Barnett asserts that this court should follow ruling of the Intermediate Court of Appeals for the State of Hawaii ("ICA"), which was later reversed by the Hawaii Supreme Court.  That ICA decision vacated the Circuit Court's order denying Barnett's Rule 40 petition, ruling that Barnett was not aware that the plea agreement contemplated concurrent multiple life terms.

Magistrate Judge Kurren rejected Barnett's first claim, holding that Barnett's guilty plea was valid, as it was "done with sufficient awareness of the relevant circumstances and likely consequences." <u>Brady v. United States</u>, 397 U.S. 742, 748 (1970).  Based on the record before the court, Magistrate Judge Kurren determined that Barnett voluntarily, knowingly, and intelligently entered into his guilty plea, noting that Barnett was well-educated and had been represented by counsel throughout the state court proceedings.  Although Barnett claims to have believed that he would only be sentenced to a single life imprisonment term, that belief does not justify § 2254 relief.

The plea agreement indicates that Barnett might receive "10 LIFE" as the extended maximum indeterminate sentence. When the Circuit Court conducted its colloquy with Barnett, it informed Barnett that "the maximum sentence then could be up to 10 life terms." The court asked Barnett whether he understood, and Barnett said "Yes, I do." Under these circumstances, even if Barnett believed his plea agreement required him to be sentenced to a single life imprisonment term, Barnett still got the benefit of his bargain. The Hawaii Supreme Court held that the Circuit Court was required to sentence Barnett separately for each of the ten Class "A" felonies. Because the Circuit Court ran the ten life sentences concurrently, Barnett effectively received a single life sentence. Barnett only has one lifetime in which he can serve the sentence, and ten separate life terms is functionally the equivalent of a single life term.

Barnett fails to show that his plea agreement "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or that it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d). Even if Barnett thought that he would receive only a single life imprisonment term for the ten Class "A" felonies when he entered into the plea agreement, the Circuit Court judge made sure that

8

Barnett was aware that he might be sentenced to up to ten life terms if he received extended terms of imprisonment.  As the Hawaii Supreme Court noted, "Based on the circuit court's colloquy with Barnett, it is difficult to imagine that Barnett did not have knowledge of the direct consequences of his guilty plea."  <u>Barnett</u>, slip op. at 18.  In effect, whether he was sentenced to one life term or ten life terms running concurrently, Barnett received the same sentence--life in prison.  This is simply not a case in which an alleged ambiguity made a difference in the length of Barnett's sentence.  Instead, the record establishes that Barnett pled guilty knowing that he could receive a sentence requiring him to spend the remainder of his life in prison.  Under these circumstances, the court adopts the F&R's rejection of the first claim asserted in the Petition.

        B.    <u>The Magistrate Judge Did Not Err in Determining that Barnett's Sentence was Legal.</u>

Barnett argues that, in pleading guilty, he bargained for a single life imprisonment term.  He says that his sentence of ten life terms running concurrently is prohibited by <u>Santobello v. New York</u>, 404 U.S. 257, 262 (1971).  Barnett is wrong.

In <u>Santobello</u>, the Supreme Court noted that, "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."

9

<u>Id.</u>  Even assuming Barnett was promised a single life imprisonment term, that is, in essence, what he received.  As discussed above and as noted by the Hawaii Supreme Court, the Circuit Court was required to sentence Barnett separately on each of the 10 Class "A" felonies.  By running the terms concurrently, the court "fulfilled" the plea agreement, even assuming Barnett was entitled to a single life imprisonment term.  Barnett received the functional equivalent of a single life imprisonment term and therefore shows no entitlement to § 2254 relief.

This court is not persuaded by Barnett's argument that the Circuit Court illegally enhanced Barnett's sentence without finding that the enhancement was "necessary for the protection of the public," as required by section 706-662 of the Hawaii Revised Statutes.  At Barnett's sentencing hearing, the judge noted that there was a stipulation of counsel and Barnett that he qualified for an extended term of imprisonment.  <u>See</u> Transcript of Proceedings (Nov. 30, 1994) at 7.  Given this stipulation, no separate factual finding justifying an extended term for the protection of the public was required.

For the reasons set forth in this section, and for the reasons set forth in the F&R, which the court adopts, Barnett's second claim for relief is denied.

    C. The Magistrate Judge Did Not Err in Determining that Barnett's Counsel Was Effective.

    Barnett claims that his attorney was ineffective. To establish ineffective assistance of counsel, Barnett must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). There is "a strong presumption" that counsel's conduct was reasonable and that counsel's representation did not fall below "an objective standard of reasonableness" under "prevailing professional norms." <u>Id.</u> at 688. Even if a petitioner can overcome the presumption of effectiveness, the petitioner must still demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694. Because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction," judicial scrutiny of counsel's performance is highly deferential. <u>Id.</u> at 689.

    In his objections to the F&R, Barnett argues that his counsel was ineffective in negotiating a plea agreement calling for a single life term when the court was required to sentence him on each of the ten Class "A" felonies. Even assuming Barnett's counsel's performance was deficient, Barnett fails to establish that he was prejudiced as a result. Barnett received a life term for each of the ten Class "A" felonies, with the terms

running concurrently.  Nothing in the record establishes that Barnett suffered any prejudice as a result of being sentenced to life for each of the ten Class "A" felony convictions.

Barnett fails to establish that, when the Hawaii Paroling Authority set his mandatory minimum sentence, a longer minimum sentence was set because of the ten life terms than would have been set had he only been sentenced to a single life term.  There is no dispute that, for each of the Class "A" felonies, the Hawaii Paroling Authority set Barnett's mandatory minimum sentence at 25 years.  See Notice and Order Fixing Minimum Term(s) of Imprisonment (March 28, 1995).  Under the Guidelines for Establishing Minimum Terms of Imprisonment (July 1989), to be subject to a minimum term of imprisonment of 25 years, Barnett had to have been sentenced to a maximum term of life with the possibility of parole and fall into Level III.  In examining the possible reasons that the Hawaii Paroling Authority determined that Barnett fell into Level III, this court finds no indication that the ten life terms affected the Hawaii Paroling Authority's determination. Level III applies to a defendant who displays "a callous and/or cruel disregard for the safety and welfare of others."  Sexual assaults against a person who is 12 or younger and who reasonably should have been known to be that young may also support a Level III classification.  See  Guidelines for Establishing Minimum Terms of Imprisonment (July 1989).  The

Level III classification could have alternatively been based on Barnett's criminal history.  Id.  Nothing in the record suggests that the Level III classification or the minimum sentence set by the Hawaii Paroling Authority was based on Barnett's multiple life sentences.

A February 21, 1997, letter from the Hawaii Paroling Authority does not establish that the 25-year mandatory minimum sentence was based on Barnett's ten life terms.  See Ex. 1 to Petition.  That letter, written nearly two years after the minimum sentence was established, noted only that Barnett was "given ten life terms" and that the Hawaii Paroling "Authority still considers your minimum appropriate."  Id.  The letter does not establish that the multiple life terms were the basis for Barnett's mandatory minimum sentence.

Nor is this court persuaded that Barnett's counsel was ineffective in advising him that the mandatory minimum sentence would be about 15 years.  First, the Hawaii Supreme Court has noted that Barnett's "trial counsel initially predicted that it was 'unlikely that Mr. Barnett [would] . . . receive a term of less than 35 years as his minimum mandatory term."  Barnett, slip op. at 22.  Second, even assuming Barnett is correct that his counsel told him that his mandatory minimum sentence might be set at 15 years, Barnett fails to establish that his counsel's advice was deficient.  At most, his counsel was trying to predict

13

Barnett's classification by the Hawaii Paroling Authority.  A prediction that is incorrect does not establish ineffective assistance.  Barnett fails to establish that this advice fell below "an objective standard of reasonableness" under "prevailing professional norms.  <u>Strickland</u>, 466 U.S. at 688.

IV.     CONCLUSION.

For the foregoing reasons, the court adopts the F&R, supplementing it as set forth above.  Barnett's § 2254 Petition is denied.  The Clerk of Court is directed to enter judgment against Barnett and to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 30, 2008.



   /s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

<u>Barnett v. Thomas</u>, Civ. No. 07-00491 SOM/BMK; ORDER ADOPTING AND SUPPLEMENTING FINDINGS AND RECOMMENDATION; ORDER DENYING § 2254 PETITION