IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GREGORY P. BARNETT, #A4000428, | ) ) ) | CIVIL NO. 07-00491 SOM-BMK |
| Petitioner, | ) ) | ORDER DENYING CERTIFICATE OF APPEALABILITY REGARDING |
| vs. | ) ) ) | NOTICE OF APPEAL FILED ON NOVEMBER 10, 2008 |
| TODD THOMAS, | ) ) | |
| Respondent. | ) ) | |

**ORDER DENYING CERTIFICATE OF APPEALABILITY
REGARDING NOTICE OF APPEAL FILED ON NOVEMBER 10, 2008**

On November 10, 2008, pro se Petitioner Gregory Barnett filed a Notice of Appeal of the court's October 17, 2008, Judgment and Order Regarding Magistrate's Findings and Recommendation Filed May 9, 2008. A petitioner must obtain a certificate of appealability to appeal a final order denying a habeas corpus petition. 28 U.S.C. § 2253(c)(1)(B). Thus, the court treats Barnett's Notice of Appeal as a request for certificate of appealability ("COA"). *See* Fed. R. App. P. 22(b); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).

On October 17, 2008, the court entered Judgment against Barnett. On October 30, 2008, however, the court vacated the October 17, 2008, Judgment as premature. That same day, the court considered Barnett's Objections to the Magistrate's Supplemental Findings and Recommendation, dismissed his Petition, and entered Judgment against him. For the following reasons, the court finds that, on October 30, 2008, when the court vacated the

October 17, 2008, Judgment, the court had jurisdiction over this matter and that Barnett's Notice of Appeal is premature.

Under the "mailbox rule," a prisoner's legal document is deemed filed on the date the prisoner delivers it to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266 (1988). On November 3, 2008, the court received a Motion for Relief from Judgment from Barnett pursuant to Rule 60 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). (Doc. No. 131.) Under the "mailbox rule," Barnett filed said Motion on October 27, 2008, the day he purportedly delivered the document to prison officials for mailing. Pursuant to Rule 4(a)(4) of the Fed. R. App. P., the timely filing of a motion for relief from judgment under Rule 60 of the Fed. R. Civ. P., tolls the time for filing an appeal from the judgment or order. A notice of appeal filed prior to the disposition by the district court of a timely tolling motion is ineffective until the motion is decided by the district court. *See* Fed. R. App. P. 4(a)(4); *Miller v. Marriot Intl'l., Inc.*, 300 F.3d 1061, 1063-64 (9th Cir. 2002).

Barnett's Notice of Appeal, filed October 28, 2008, the day he admittedly handed it to prison officials for mailing, was ineffective until the court decided on his Motion for Relief from Judgment filed October 27, 2008. Before the court had an opportunity to rule on the Motion for Relief from Judgment, however, the court vacated the October 17, 2008, Judgment as

premature.

As the court vacated the October 17, 2008, Judgment, Barnett's Notice of Appeal is premature.  Federal Rules of Appellate Procedure ("Fed. R. App. P.") Rule 4(a)(2) provides an exception for premature appeals.  Rule 4(a)(2) states that, "[a] notice of appeal filed after the court announces a decision or order but before the entry of judgment or order is treated as filed on the date of and after the entry."  A notice of appeal of a non-final decision "operates as a notice of appeal from the final judgment only when a district court announces a decision that *would be* appealable if immediately followed by the entry of judgment."  *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1482-83 (9th Cir. 1996).  When a notice of appeal is premature and the prematurity is not cured by Rule 4(a)(2), the appellate court lacks jurisdiction over the appeal.  *Id.* at 1479.

Here, the court vacated the October 17, 2008 Judgment, which Barnett now seeks to appeal.  The order vacating the Judgment was filed while the court had jurisdiction over this case, the Notice of Appeal having been premature.  Since the court vacated the October 17, 2008, Judgment, that Judgment is not an order "that would be appealable if immediately followed by the entry of judgment," and the prematurity of the Notice of Appeal is not cured by Rule 4(a)(2).  Accordingly, Barnett's request for a certificate of appealability is DENIED.

Barnett is free to file a new Notice of Appeal. Indeed, although this court is not the final arbiter of appealability, it appears to this court that Barnett **must** file a new Notice of Appeal to have any appeal properly pending.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 17, 2008.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Barnett v. Thomas*, Civ. No. 07-00491 SOM; ORDER DENYING CERTIFICATE OF APPEALABILITY REGARDING NOTICE OF APPEAL FILED ON NOVEMBER 10, 2008; prose attorneys\COA Orders\hmg\2008\Barnett 07-491 SOM (dny COA draft 3)