IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GREGORY P. BARNETT, #A4000428, | ) ) ) | CIVIL NO. 07-00491 SOM-BMK |
| Petitioner, | ) ) | ORDER DENYING MOTION FOR CERTIFICATE OF APPEALABILITY |
| vs. | ) ) | |
| TODD THOMAS, | ) ) | |
| Respondent. | ) ) | |
| _____ | ) | |

## ORDER DENYING MOTION FOR CERTIFICATE OF APPEALABILITY

On December 2, 2008, pro se Petitioner Gregory P. Barnett filed a Notice of Appeal of the October 30, 2008, Judgment. (Doc. No. 165.) Before the court is Barnett's Motion for Certificate of Appealability ("COA"), filed November 28, 2008. (Doc. No. 161.) Barnett requests that the court certify eleven issues for appeal. For the following reasons, Barnett's Motion for a COA is DENIED.

## BACKGROUND

On September 26, 2007, Barnett filed a petition under 28 U.S.C. § 2254. Barnett set forth three grounds for relief. Barnett's main argument arose from his belief that he was promised a single life term for ten different State of Hawaii Class "A" felonies. Barnett contended that he was instead illegally sentenced to ten life terms, one for each of the Class "A" felonies, with the ten terms running concurrently. Barnett also alleged that he received ineffective assistance of counsel.

On October 30, 2008, the court issued its Order Adopting and Supplementing Findings and Recommendation and Order Denying § 2254 Petition.  (Doc. No. 129.)  The court denied Barnett's Petition on the merit of the claims.

Barnett now requests that the court certify eleven issues for appeal including:

    (1) whether Barnett knowingly and voluntarily entered into the plea agreement;

    (2) whether Barnett received the sentence he was promised under the plea agreement;

    (3) whether the District Court failed to follow State law;

    (4) whether the State relied on an unconstitutional statute;

    (5) whether Miles Breiner, Esq., provided effective assistance of counsel;

    (6) whether Mr. Breiner's assistance, if deficient, prejudiced Barnett;

    (7) whether the District Court erred when it denied Barnett's request for an evidentiary hearing;

    (8) whether Barnett understood the consequences of his plea;

    (9) whether the State breached the plea agreement;

    (10) whether Mr. Breiner, provided effective assistance of counsel; and

    (11) whether Mr. Breiner's assistance, if deficient, prejudiced Barnett.

**LEGAL STANDARD**

A petitioner must obtain a COA to appeal a final order denying a habeas corpus petition. 28 U.S.C. § 2253(c)(1)(B). The court may issue a COA only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, a petition is denied on the merits of the claim, the petitioner is required to show that reasonable jurists could debate whether the issues should have been resolved differently or are "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). The COA must indicate which issues satisfy the showing required under § 2253(c)(2). *See* 28 U.S.C. § 2253(c)(3).

## DISCUSSION

Barnett has failed to demonstrate that reasonable jurists could debate whether the issues before the court should have been resolved differently.

Barnett's first and eighth issues for appeal are encompassed in Ground One of his Petition. In Ground One, Barnett argued that his guilty plea was invalid relative to the sentence he received. The court concluded that Barnett knowingly and voluntarily entered into the plea agreement, that Barnett understood the consequences of his plea and that he was fully aware of the maximum possible penalty provided by law. This court finds that reasonable jurists could not debate that Ground

3

One should have been resolved differently.  Barnett's request for a COA as to issues one and eight is **DENIED**.

Barnett's second, third, fourth, and ninth issues for appeal are encompassed in Ground Two of his Petition.  In Ground Two, Barnett argued that his sentence is illegal because the plea agreement called for him to receive only one single life term rather than ten life sentences set to run concurrently.  Barnett also appears to argue that his sentence violates the rule in *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

The court found that the guilty plea form clearly set forth the minimum and maximum possible sentences.  The guilty plea form conspicuously listed "LIFE" as the maximum indeterminate sentence and "10 LIFE" as the extended maximum indeterminate sentence, for the charges against Barnett.  No ambiguities in the plea agreement existed.  The court also concluded that Barnett's reliance on *Apprendi* was wrong.  This court finds that reasonable jurists could not debate that Ground Two should have been resolved differently.  Barnett's request for a COA as to the second, third, fourth, and ninth issues for appeal is **DENIED**.

Barnett's fifth, six, tenth, and eleventh issues for appeal are encompassed in Ground Three of his Petition.  In Ground Three, Barnett argued that his criminal attorney, Myles Breiner, Esq., failed to inform Barnett of the law as it applies

4

to sentencing thereby providing ineffective assistance of counsel.  The court concluded that Barnett's claim failed because Barnett did not show that Mr. Breiner's performance was deficient.  In addition, the court found that, even if Barnett had successfully demonstrated a deficiency in Mr. Breiner's counseling, Barnett ultimately suffered no prejudice as a result of Mr. Breiner's representation.  This court finds that reasonable jurists could not debate that Ground Three should have been resolved differently.  Barnett's request for a COA as to the fifth, sixth, tenth and eleventh issues for appeal is **DENIED**.

Finally, in Barnett's seventh issue for appeal, he seeks certification of whether the court erred when it denied his request for an evidentiary hearing.  The record before the court, however, refuted Barnett's factual allegations.  The court concluded that even with the benefit of an evidentiary hearing, Barnett could not develop a factual record entitling him to federal habeas relief.  This court finds that reasonable jurists could not debate that the issue should have been resolved differently.  Barnett's request for a COA as to the seventh issue for appeal is **DENIED**.

**CONCLUSION**

Based on the foregoing, Barnett's Motion for a COA is **DENIED**.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 8, 2008.



    /s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Barnett v. Thomas, et al.*, Civ. No. 07-00491 SOM; ORDER DENYING CERTIFICATE OF APPEALABILITY; prose attorneys\COA Orders\hmg\2008\2008\Barnett 07-491 SOM (dny COA merit)